LANDRIEU, J.,
dissents in part and concurs in part.
LANDRIEU, J., dissents in part and concurs in part with reasons.
hi dissent from the majority’s “amendment” of the trial court’s judgment to grant partial summary judgment in favor Cheema dismissing “any theory of recovery under La. R.S. 9:2800.6 based upon the proposition that Cheema had actual or constructive notice of the condition which caused the damage.” I disagree that the question of whether Cheema created the condition that allegedly posed an unreasonable risk of harm, or, alternatively, had notice of the condition created by a third party, presents two separate “theories of recovery,” such that each may be subject to partial summary judgment. La. R.S. 9:2800.6, addressing the “Burden of proof in claims against merchants,” is based upon a single theory of recovery: negligence. For a merchant to be negligent, plaintiff must prove three elements, one of which is “The merchant either created or had actual or constructive notice of the condition_” See La. R.S. 9:2800.6 B(2). Therefore, a merchant’s motion for summary judgment is properly granted only if the merchant shows that there is no genuine issue of material fact as to both these elements.
In this case, I agree with the majority that there exists a genuine issue of fact as to whether Cheema created the condition in question. Therefore, the trial court erred by granting the summary judgment and dismissing the case. Once we have | ¡.concluded, as here, that there is a genuine issue of fact as to one element of the plaintiffs claim, we need not and should not reach any other issues because to do so would be giving an advisory opinion.[1] I would, therefore, simply reverse the granting of summary judgment and remand for further proceedings.
Accordingly, I dissent from the amendment of the judgment to grant a partial summary judgment on the issue of constructive notice. For the reasons given, I concur in the result to the extent that it reverses the trial judge’s granting of summary judgment on the basis of the existence of a genuine issue of fact as to whether Cheema created the condition that allegedly caused the plaintiffs injury.

. The majority not only considers and rules upon the issue of constructive notice, which we do not have to reach, but also suggests that our ruling on that issue constitutes the law of the case.